## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01139-CMA-BNB


| | |
|---|---|
| ADEMA TECHNOLOGIES, INC., D/B/A | ) |
| GLORIA SOLAR (USA), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PATRINA EIFFERT AND IMAGINIT, INC., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### ~~CONFIDENTIALITY STIPULATION AND~~ PROTECTIVE ORDER

~~Pursuant to Fed. R. Civ. P. 26(c), the parties (each a "Party," and together, the "Parties")~~

~~to this litigation (the "Litigation"), by their counsel of record, stipulate and move the Court for~~

~~the entry of a Confidentiality Stipulation and Protective Order (the "Stipulation") in the above-~~

~~captioned matter concerning the treatment of Confidential Material.~~

Good cause appearing therefor, IT IS HEREBY ORDERED as follows:

1.      For purposes of this Stipulation, "Discovery Material" includes, but is not limited

to, documents, testimony or other materials.  Any producing Party or person may designate any

Discovery Material as "CONFIDENTIAL" under the terms of this **Protective Order**

~~Stipulation~~ if such party in good faith believes that such Discovery Material contains non-

public, confidential, proprietary, or commercially sensitive information that requires the

protections provided in this **Protective Order** ~~Stipulation and Order~~ ("Confidential Discovery

Material").  Any producing Party or person may designate as "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" any Discovery Material that contains confidential information which is currently commercially sensitive information that the producing Party ~~or~~ **and** its counsel in good faith reasonably believes that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 6 of this **Protective Order** ~~Stipulation~~ is substantially likely to cause injury to the producing Party.

2.      This **Protective Order** ~~Stipulation~~ shall cover all information disclosed by either Party during the course of the Litigation, including, but not limited to, discovery responses, documents produced (including electronic documents) and testimony provided (collectively, "Confidential Material").  All Confidential Material produced in the Litigation shall be marked "CONFIDENTIAL" by the producing Party, and each page that contains confidential information shall be marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Electronic data shall be embedded or otherwise marked with a ledger, electronic stamp, or electronic watermark of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing Party, and the producing Party shall provide written notice that such data is to be considered "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this **Protective Order** ~~Stipulation~~.  Whenever any Party to whom electronic data designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is produced reduces such designated material to hard copy form, such Party shall mark every applicable page of all such designated material in the hard copy form with the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Testimony shall be treated as described below.

3.      Confidential Material shall be used solely for the purpose of litigating the Litigation (including any appeal), and shall not be used or disclosed for any other purpose or in

connection with any other litigation, arbitration, or other legal proceeding.

4.      Confidential Material shall not be disclosed in any manner to any person or entity except the following:

    a.  counsel of record for the Parties hereto, including all lawyers, paralegals, and other employees of the firms of the Parties' counsel of record (and, in the case of non-attorneys, only to the degree that is strictly necessary to perform work contemplated within the scope of the Litigation, and under the direct supervision of an attorney);

    b.  any expert or consultant who is not an officer, director, employee, or shareholder of a Party, who is retained (or considered for retention) in connection with the Litigation by any attorney described in subparagraph (a), and who has signed the "Acknowledgment and Agreement to Be Bound," in the form attached hereto as <u>Exhibit A</u>;

    c.  the Parties;

    d.  the authors and recipients of documents containing Confidential Material, provided that documents are not otherwise confidential to any Party;

    e.  deposition or hearing/trial witnesses (not covered by any other exceptions herein) who need to be questioned about specific Confidential Material in preparation for, or during, their deposition or the Litigation, and have signed the "Acknowledgment and Agreement to Be Bound" (<u>Exhibit A</u>);

    f.  the Court and all Court personnel; and

g. court reporters (including stenographers and video technicians) engaged by counsel of record to record, transcribe, or videotape testimony in this Litigation, and copy services, data entry, and computer support services engaged by counsel of record who have signed the "Acknowledgment and Agreement to Be Bound" (<u>Exhibit A</u>).

6. Confidential Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed in any manner to any person or entity except the following:

a. counsel of record for the Parties hereto, including all lawyers, paralegals, and other employees of the firms of the Parties' counsel of record (and, in the case of non-attorneys, only to the degree that is strictly necessary to perform work contemplated within the scope of the Litigation, and under the direct supervision of an attorney);

b. any expert or consultant who is not an officer, director, employee, or shareholder of a Party, who is retained (or considered for retention) in connection with the Litigation by any attorney described in subparagraph (a);

c. the authors and recipients of documents containing Confidential Material, provided that documents are not otherwise confidential to any Party;

d. deposition or hearing/trial witnesses (not covered by any other exceptions herein) who need to be questioned about specific Confidential Material in preparation for, or during, their deposition or the Litigation;

e. the Court and all Court personnel; and

f.   court reporters (including stenographers and video technicians) engaged by
counsel of record to record, transcribe, or videotape testimony in this
Litigation, and copy services, data entry, and computer support services
engaged by counsel of record.

7.   **Any request to restrict access must comply with the requirements of
D.C.COLO.LCivR 7.2.**  ~~If either party intends to file documents and materials with the Court
under seal, said party shall submit a separate motion seeking leave to do so.  Further, nothing in
this Protective Order shall preclude any party from filing a motion seeking further or different
protection from the Court under F.R.C.P. 26(c), or from filing a motion with respect to the
manner in which confidential information shall be treated at trial.~~

8.   The Parties, through their counsel, agree to inform every person within Paragraphs
5.b, 5.e, 5.g (above), as well as non-attorneys pursuant to Paragraph 5.a (above), to whom
disclosure of any Confidential Material will be made of the restrictions on disclosure contained in
this **Protective Order** ~~Stipulation~~.

9.   At any deposition in the Litigation, a Party may designate all or a portion of the
deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
ONLY" by so stating on the record. Such designation shall be indicated on the title page of the
deposition transcript and on each page of the transcript where Confidential Material appears.  A
Party may also, within thirty (30) days after copies of a deposition transcript are served,
designate in a separate writing all or any portion of the testimony given in the deposition as
"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" even if such
testimony was not designated as such during the deposition.

10.      **A party may object to the designation of particular "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall not thereafter be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".**

~~Any receiving Party may at any time seek an order from the Court determining that specified discovery materials or categories of discovery materials are not entitled to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Any~~

~~response to such a motion by the opposing Party must be made within fifteen (15) days of~~

~~service of the motion.  However, the failure to promptly move to un-designate or re-designate~~

~~discovery material shall not constitute a waiver of, or compromise a Party's ability to make,~~

~~such a motion, provided such motion is made during the discovery period in the Litigation.~~

11.     In the event that a receiving Party is served with a subpoena by any person, firm,

corporation or other entity who is not a Party to this **Protective Order** ~~Stipulation~~, which seeks

to compel a production of material that has been designated by a producing Party as

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party upon

whom the subpoena is served shall give written notice of the subpoena to the Party who has

asserted the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

designation within seven (7) days of receipt of the subpoena and, in any event, before the

production date set forth in the subpoena.  The Party who has initially designated the

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall then

have the responsibility to obtain a Court order to quash the subpoena and/or obtain such other

relief as will protect the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" nature of the material.  ~~Should such a motion to quash be filed before the requested~~

~~production date, the Party upon whom the subpoena is served shall not deliver the documents~~

~~until after such time as the Court (or other appropriate court or tribunal) rules on the subject~~

~~motion; should an order be obtained, the Party upon whom the subpoena is served shall comply~~

~~with the order.  Should no motion be filed before the scheduled production date, the Party upon~~

~~whom the subpoena is served may comply with the subpoena.~~

12.     The inadvertent production of Confidential Material not designated as

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" will not be deemed

a waiver of the producing Party's right to so designate such material or to seek such other confidential treatment as may be appropriate.  The inadvertent failure to designate such material shall be corrected by supplemental written notice to the receiving Party as soon as practicable, as the receiving Party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to persons not otherwise entitled to view "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material and to prevent further use or disclosure of Confidential Material contained therein by such persons.

13.   The production of any documents, confidential or otherwise, in this Litigation is without prejudice to any claim by the producing Party, or producing non-party, that such documents are privileged or contain work product.  If, after Confidential Material is produced, a claim of privilege or work product is subsequently made, the receiving Party shall take reasonable steps to ensure that all known copies of such documents are returned promptly to the producing Party, and no waiver of privilege or immunity shall be deemed to have occurred.  The inadvertent disclosure of privileged documents shall not create or constitute a waiver of any applicable privilege.  Notwithstanding the foregoing, the receiving Party reserves the right to contest the assertion of privilege or other protection with respect to any document.

14.   Within sixty (60) days after the final resolution of the Litigation, and any appeals related thereto, the Parties shall cause all persons who have received Confidential Material to: (a) return such Confidential Material and all copies thereof (including summaries and excerpts) to the producing Party; or (b) destroy all such Confidential Material and certify in writing to the producing Party that such Confidential Material has been destroyed.  The Parties and their counsel shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product provided that, to the extent that such items contain Confidential Material, the

pertinent portions of such court papers or attorney work product shall not be disclosed to any person except by agreement of the disclosing Party or by operation of law.

15.     Counsel to the Parties shall confer in good faith to resolve any disputes arising under this **Protective Order.**  ~~Stipulation.  Any material whose confidential status is disputed shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the disputing Party agrees or the Court orders otherwise.  No application shall be made to the Court to resolve such disputes until after counsel have consulted in good faith.  Notwithstanding the foregoing, the Parties agree that the names of the Parties' customers shall be treated as "CONFIDENTIAL."  However, such customers' names shall be available to the Parties for the sole purposes of taking depositions and requesting discoverable, non-privileged documents and information.~~

16.     This **Protective Order** ~~Stipulation~~ shall not prejudice the right of any Party to apply to the Court for relief from or modification of this **Protective Order** ~~Stipulation~~ or for further protective orders as the Court may deem appropriate.  ~~The Parties consent to injunctive relief to prevent and/or stop any breach or threatened breach of this Stipulation.  In any such action, this Stipulation may be admissible into evidence.  If a Party successfully proves to the Court that the other Party has violated any of Section(s) 4 through 9, 12, 13, 15, 16, 19 and/or 20, via the unauthorized and/or improper disclosure(s) of Confidential Material that was designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder, then the other (violating) Party shall be liable for any/all forms of remedies available under law or equity, including consequential damages, and any/all reasonable and necessary attorneys' fees and costs incurred in prosecuting such violations.~~

17.     Nothing in this **Protective Order** ~~Stipulation~~ shall prevent any Party from disclosing its own Confidential Material to a person or entity as it deems appropriate.

18.     The provisions of this **Protective Order** ~~Stipulation~~ shall not terminate at the conclusion of this Litigation and the obligation to comply with this **Protective Order** ~~Stipulation~~ shall continue indefinitely thereafter.

19.     The terms of this **Protective Order** ~~Stipulation~~ are applicable to Confidential Material provided by and designated by a non-party in connection with this Litigation, and such Confidential Material shall be protected by the remedies and relief provided herein.

20.     Nothing in this **Protective Order** ~~Stipulation~~ shall be construed as preventing an attorney from advising his or her client based on Confidential Material to which the client does not have access, so long as the specific content of the Confidential Material is not disclosed to the client.

21.     The Parties shall forthwith submit this **Protective Order** ~~Stipulation~~ to the Court.  Prior to approval by the Court, this **Protective Order** ~~Stipulation~~ shall be binding on the Parties and shall be treated by the Parties as if approved.

~~WHEREFORE, the Parties respectfully request the Court enter this Confidentiality Stipulation and Protective Order~~.

DATED this 2d day of January, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the District of Colorado on _____ [date] in the case of Adema Technologies,

Inc., d/b/a Gloria Solar (USA) v. Patrina Eiffert and ImaginIt, Inc., Case Number 1:13-cv-01139.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court of

Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

one number] as my Colorado agent

for service of process in connection with this action or any proceedings related to enforcement of

this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____