IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01139-CMA-BNB

ADEMA TECHNOLOGIES, INC., d/b/a Gloria Solar (USA),

Plaintiff,

v.

PATRINA EIFFERT, and
IMAGINIT, INC.,

Defendants.
_____

**AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**[1]
_____

This matter arises on **Defendants' Motion to Dismiss Plaintiff's Verified Complaint or, in the Alternative, Motion for a More Definite Statement** [Doc. #8, filed 05/23/2013] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the Complaint and DENIED to the extent it seeks a more definite statement.

## I. BACKGROUND

Plaintiff ADEMA Technologies, Inc., doing business as Gloria Solar (USA), is a California corporation. *Complaint*, ¶14. Defendant Patrina Eiffert resides in Colorado. Id. at ¶ 15. Defendant ImaginIt, Inc. ("ImaginIt"), is a Delaware corporation. Id. at ¶ 16. The court has diversity jurisdiction over this case pursuant 28 U.S.C. § 1332.

The plaintiff brings this action to recover a $360,556.40 deposit made to ImaginIt Solar Building Products, LLC, d/b/a/ Solar Frame Works ("SFW"). The deposit relates to a contract

---

[1] The amendments have been made on page three concerning the choice of law analysis.

between the plaintiff and SFW for construction of solar panel mounting systems. The plaintiff and SFW dispute the enforceability of a provision in the parties' agreement which provides that the deposit was non-refundable. The plaintiff sued SFW in California federal court for return of the deposit. SFW filed for relief under Chapter 7 of the United States Bankruptcy Code before any judgment was obtained. The bankruptcy case automatically stayed the California action. The bankruptcy case remains open and is in the process of being administered. The plaintiff filed a claim in the bankruptcy case which arises from the loss of the deposit.

The plaintiff claims in this action that defendant Patrina Eiffert was the Chief Executive Officer of SFW at the time the deposit was made, and defendant ImaginIt was the sole owner of SFW. *Complaint*, p. 1. Claim One asserts a claim for conversion against both defendants. Claim Two asserts a claim for civil theft under C.R.S. §§ 18-4-401 *et seq.* against both defendants. Claim Three seeks a declaration that ImaginIt's corporate entity should be disregarded because it is an alter ego of Ms. Eiffert, and SFW's corporate status should be disregarded because it is a corporate alter ego for ImaginIt. Claim Four seeks a declaration that the defendants destroyed evidence.

## II.  ANALYSIS

### A.  Lack of Standing

The defendants state that the plaintiff lacks standing to bring its claims because it is seeking to recover assets of the bankruptcy estate, which are claims belonging exclusively to the bankruptcy trustee. *Motion*, pp. 5-9.

The commencement of a bankruptcy case creates an estate which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §

541(a)(1).  A trustee may pursue a claim of the debtor against a third party under this section because those causes of action belong to the debtor at the commencement of the bankruptcy case.  Thus, a claim brought under section 541(a) is founded on the trustee's succession to the rights the debtor possessed against a third party.  In re Hedged-Investments Assoc., Inc., 84 F.3d 1281, 1285 (10th Cir. 1996); Sender v. Simon, 84 F.3d 1299, 1304-05 (10th Cir. 1996).

"State law provides the guidelines for determining whether a cause of action belongs to the debtor and therefore becomes property of the estate."  Sender, 84 F.3d at 1305.  A federal court sitting in diversity, as here, must apply the choice of law provisions of the forum state where it resides.[2]  Rocky Mountain Helicopters, Inc. v. Bell Helicopter Textron, Inc., 24 F.3d 125, 128 (10th Cir. 1994).  However, a district court may apply the law of the jurisdiction in which it sits unless a party preferring the application of foreign law raises the issue.  See R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc., 835 F.2d 1306, 1307-08 (10th Cir. 1987).

The plaintiff asserts that Colorado is the state with the most significant relationship to the alleged tortious conduct, *Complaint*, ¶ 21, and the defendants do not argue otherwise.  The parties do not discuss choice of law concerning the alter ego issue.  Under these circumstances, I apply Colorado law to the tort claims and the alter ego analysis.

The defendants rely on Delgado Oil Co., Inc. v. Torres, 785 F.2d 857, 860 (10th Cir. 1986), for the proposition that a debtor's estate under § 541 includes any right of action a debtor corporation may have to recover damages for misconduct, mismanagement or neglect of duty by a corporate officer or director, and the trustee in bankruptcy succeeds to that right to the

---

[2]For instance, in resolving choice of law issues in tort actions, Colorado follows the "most significant relationship" approach of the Restatement (Second) of Conflict of Laws.  First National Bank v. Rostek, 514 P.2d 314, 448-49 (Colo. 1973).

exclusion of all others.  *Reply Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Verified Complaint or, in the Alternative, Motion for a More Definite Statement* [Doc. #12] (the "Reply"), p. 4.  However,

> "[i]n Colorado, an alter ego action to pierce the corporate veil belongs to the creditors of the corporation, not to the corporation itself.  See Colorado Finance Co. v. B.F. Bennet Oil Co., 110 Colo. 1, 129 P.2d 299 (1942); accord, In re Loughnane, 28 B.R. 940, 942 (Bankr.D.Colo.1983).  Such an action fastens liability on the individual who used the corporation as a mere instrumentality for his own personal business and benefit.  The liability itself arises from fraud or injustice perpetrated not on the corporation, but on third persons dealing with the corporation.  1 Fletcher Cyclopedia on the Law of Private Corporations § 41.10 at 615 (1990 ed.).  Furthermore, the corporate veil is not pierced for the benefit of the corporation debtor.  Id.; accord, Davis v. Merv Griffin Co. (In re Merv Griffin Co.), 128 B.R. 78, 96 (D.N.J.1991).  Hence, an alter ego action is quite distinct from a lawsuit to recover a preferential transfer based upon a breach of fiduciary duty as was involved in Delgado or a statutory action to hold a director liable for improper distributions.

In re M & L Business Mach. Co., Inc. 136 B.R. 271, 278 (Bkrtcy. D.Colo. 1992).

Pursuant to M & L, the plaintiff's alter ego action to pierce ImaginIt and SFW's corporate veils and to assert tort claims against the defendants belongs to the plaintiff, not to the bankruptcy trustee.  Therefore, the plaintiff has standing to bring its claims, and the Motion should be denied insofar as it seeks dismissal of the Complaint for lack of standing.

### B.  Failure to State a Claim Upon Which Relief Can Be Granted

In addition, the defendants argue that even if the plaintiff has standing, its claims should be dismissed for failure to state a claim upon which relief can be granted.  *Motion*, pp. 9-11.  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of

the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

Claim Three seeks a declaratory judgment that ImaginIt's corporate status should be disregarded because it is an alter ego of Ms. Eiffert, and that SFW's corporate status should be disregarded because it is a corporate alter ego for ImaginIt.  The defendants assert that the plaintiff may not bring a claim for declaratory relief regarding alter ego because it "is not itself a substantive claim but instead constitutes a procedural remedy against a defendant."  *Reply*, p. 9.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The plaintiff's alter ego claim falls squarely within the relief permitted by the statute. Nevertheless, the court "is not obligated to entertain every justiciable declaratory claim brought before it."  State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 982 (10th Cir. 1994).  The Tenth Circuit Court of Appeals has identified certain factors a court should consider when determining whether to exercise jurisdiction over a declaratory judgment claim:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal

>        relations at issue; [3] whether the declaratory remedy is being used
>        merely for the purpose of "procedural fencing" or "to provide an
>        arena for a race to res judicata"; [4] whether use of a declaratory
>        action would increase friction between our federal and state courts
>        and improperly encroach upon state jurisdiction;[3] and [5] whether
>        there is an alternative remedy which is better or more effective.

Mhoon, 31 F.3d at 983 (citation omitted).

  Here, the plaintiff may not proceed on its tort claims against the defendants without a determination that it can pierce ImaginIt and SFW's corporate veils. In addition, as noted above, this action belongs to the creditor, not the debtor corporation. Therefore, declaratory relief would not provide any procedural advantage to the plaintiff in the bankruptcy case. A more effective alternative remedy is not available; the alter ego issue must be decided in order for the case to proceed. The Motion should be denied insofar as it asserts that plaintiff's claim for declaratory relief regarding alter ego must be dismissed because it "is not itself a substantive claim but instead constitutes a procedural remedy against a defendant."

  The Colorado Court of Appeals has addressed the law regarding alter ego as follows:

>        In general, a corporation is treated as a legal entity separate from
>        its shareholders, officers, and directors. This permits shareholders
>        to invest with the assurance that they will not be held personally
>        liable for the corporation's debts. Phillips, 139 P.3d at 643-44;[4]
>        Micciche v. Billings, 727 P.2d 367, 372-73 (Colo.1986); John E.
>        Moye, The Law of Business Organizations 87 (3d ed.1989).
>        Indeed, insulation from individual liability is an inherent purpose
>        of incorporation. Phillips, 139 P.3d at 643; Leonard v. McMorris,
>        63 P.3d 323, 330 (Colo.2003).
>
>        The fiction of the corporate veil isolates "the actions, profits, and
>        debts of the corporation from the individuals who invest in and run

---

[3]The fourth Mhoon factor is inapplicable to this case.

[4]The full cite is In re Phillips, 139 P.3d 639 (Colo. 2006).

the entity." Phillips, 139 P.3d at 643; see Micciche, 727 P.2d at 369 (citing Cathy S. Krendl & James R. Krendl, Piercing the Corporate Veil: Focusing the Inquiry, 55 Den. L.J. 1 (1978)). Only extraordinary circumstances justify disregarding the corporate entity to impose personal liability. Phillips, 139 P.3d at 644; Leonard, 63 P.3d at 330.

To determine whether it is appropriate to pierce the corporate veil, a court must make a three-part inquiry. Phillips, 139 P.3d at 644; Micciche, 727 P.2d at 372-73.

First, the court must determine whether the corporate entity is the "alter ego" of the person or entity in issue. Phillips, 139 P.3d at 644; Fink v. Montgomery Elevator Co., 161 Colo. 342, 350, 421 P.2d 735, 739 (1966). Courts consider a variety of factors in determining status as an alter ego, including whether (1) the corporation is operated as a distinct business entity; (2) funds and assets are commingled; (3) adequate corporate records are maintained; (4) the nature and form of the entity's ownership and control facilitate misuse by an insider; (5) the business is thinly capitalized; (6) the corporation is used as a "mere shell"; (7) legal formalities are disregarded; and (8) corporate funds or assets are used for noncorporate purposes. Phillips, 139 P.3d at 644; Leonard, 63 P.3d at 330. This inquiry looks to the specific facts of each case, and not all of the listed factors need to be shown in order to establish alter ego status. See Great Neck Plaza, L.P. v. Le Peep Restaurants, LLC, 37 P.3d 485, 490 (Colo.App.2001); Krendl & Krendl, 55 Den. L.J. at 59 ("Each case must be decided on the basis of its unique factors. Efforts at simplistic rules ... may have disastrous effects.... [C]ourts [should] continue [the] delicate balancing act" of considering the equities of the situation).

Second, the court must determine whether justice requires recognizing the substance of the relationship between the person or entity sought to be held liable and the corporation over the form because the corporate fiction was "used to perpetrate a fraud or defeat a rightful claim." See Phillips, 139 P.3d at 644; Reader v. Dertina & Assocs. Mktg., Inc., 693 P.2d 398, 399 (Colo.App. 1984) (veil piercing applies "where the corporate entity has been used to defeat public convenience, or to justify or protect wrong, fraud, or crime, or in other similar situations where equity requires"); see also Sheffield Servs. Co. v. Trowbridge, 211 P.3d 714, 721-22 (Colo.App. 2009) (applying veil piercing to manager of limited liability company).

7

> Third, the court must consider whether an equitable result will be achieved by disregarding the corporate form and holding a shareholder or other insider personally liable for the acts of the business entity. Phillips, 139 P.3d at 644; Sheffield, 211 P.3d at 721-22; see also Great Neck Plaza, 37 P.3d at 490 ("Piercing the corporate veil is an equitable remedy, requiring balancing of the equities in each particular case.").
>
> All three prongs of the analysis must be satisfied. The paramount goal of piercing the corporate veil is to achieve an equitable result. Phillips, 139 P.3d at 644; Water, Waste & Land, Inc. v. Lanham, 955 P.2d 997, 1004 (Colo.1998); Great Neck, 37 P.3d 485 at 490.

McCallum Family L.L.C. v. Winger, 221 P.3d 69, 73-74 (Colo.App. 2009).

The Complaint does not contain sufficient factual allegations to state a plausible claim that ImaginIt is Ms. Eiffert's corporate alter ego or that SFW was an alter ego for ImaginIt. The only material allegation on that issue is that ImaginIt may have paid some of SFW's bills. That allegation alone, taken as true, is insufficient to pierce SFW's corporate veil. Significantly, there are no allegations that SFW or ImaginIt failed to maintain adequate corporate records; that legal formalities were disregarded; or that corporate funds and assets were used for noncorporate purposes. Nor does the Complaint contain any allegations that the deposit money was not used by or for the benefit of SFW. SFW may have wasted the deposit money, but without allegations that the money was wrongfully used by the defendants, an alter ego cannot be found.[5]

The plaintiff has failed to allege sufficient facts to state a plausible claim that ImaginIt is Ms. Eiffert's corporate alter ego or that SFW was an alter ego for ImaginIt. Therefore, in the

---

[5]Even when addressing spoliation of evidence, the plaintiff does not allege that the destroyed evidence would have shown that the deposit was wrongfully used by the defendants. *Complaint*, pp. 16-18, 22-23.

8

absence of allegations plausibly stating a claim to pierce corporate veils, the plaintiff may not bring its claims for conversion and theft against ImaginIt and Ms. Eiffert.

In addition, the plaintiff's failure to state a plausible claim against the defendants renders the spoliation claim moot insofar as it relates to any claims asserted in this case. The spoliation claim should be dismissed pursuant to Mhoon.

### C. More Definite Statement

A complaint need only contain, in addition to the jurisdictional grounds, "a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The Rules "do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). A party is entitled to a more definite statement "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).

The allegations of the Complaint are sufficient under Rule 8(a) to provide the defendants with fair notice of the claims against them. The Motion should be denied insofar as it seeks a more definite statement.

### III. CONCLUSION

I respectfully RECOMMEND that Defendants' Motion to Dismiss Plaintiff's Verified Complaint or, in the Alternative, Motion for a More Definite Statement [Doc. #8] be GRANTED

insofar as it seeks dismissal of the claims against them and DENIED insofar as it seeks a more definite statement.[6]

Dated January 29, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[6]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).