**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-01139-CMA-BNB

ADEMA TECHNOLOGIES, INC., d/b/a GLORIA SOLAR (USA),

    Plaintiff,

v.

PATRINA EIFFERT, and
IMAGINIT, INC.,

    Defendants.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART JANUARY 29, 2014
AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 4.) On January 29, 2014, Judge Boland issued an Amended Recommendation on Defendant's Motion to Dismiss Plaintiff's Verified Complaint or, in the Alternative, Motion for a More Definite Statement. (Doc. # 8.) In that Recommendation, Judge Boland recommended that the Court grant in part and deny in part Defendant's Motion. (Doc. # 46.) Specifically, Judge Boland ruled that Plaintiff has standing to bring its claims, but that it failed to state a claim with respect to its declaratory claim pursuant to the alter ego doctrine. Consequently, Judge Boland reasoned, "in the absence of allegations plausibly stating a claim to pierce corporate veils, Plaintiff may not bring its claims for conversion and theft against ImaginIt and Eiffert." (*Id.*, at 9.) Judge Boland also found that Plaintiff's "failure to

state a plausible claim against Defendants renders the spoliation claim moot insofar as it relates to any claims asserted in this case." (*Id.*)  Having recommended the dismissal of all claims, Judge Boland recommended that the complaint too be dismissed.  On February 12, 2014, Plaintiff filed a timely objection to Judge Boland's Recommendation.  (Doc. # 47.)  Defendants responded (Doc. # 48), and Plaintiff replied (Doc. # 51.)

      The Court will first discuss Plaintiff's objection to Judge Boland's recommendation that its declaratory judgment claim be dismissed because that determination impacts the parties' other arguments regarding the Recommendation. After reviewing the standard for piercing the corporate veil, Judge Boland determined that the "only material allegation on that issue is that ImaginIt may have paid some of [Solar Frame Work's ("SWF")] bills.  That allegation alone, taken as true, is insufficient to pierce SFW's corporate veil."  However, Plaintiff also pleaded facts relating to whether the corporations operated as distinct legal entities, the funds and assets are comingled, and the corporations were used as "mere shells."  *See McCallum Family LLC v. Winger*, 221 P.3d 69, 73-74 (Colo. App. 2009); *see also* (Doc. # 1, at 14-16.) In addition, Plaintiff alleges that "an equitable result will be achieved by disregarding the corporate entities . . . ."  (Doc. # 1, at 21.)  Although this Court agrees with Judge Boland that Plaintiff could have asserted additional facts to bolster its contentions,[1] Plaintiff's allegations are sufficient to nudge its claim just across the line from

---

[1] Plaintiff seems to concede as much in its objection, in which it asks this Court to permit it to file an amended complaint with "additional factual information" acquired through discovery. While the Court acknowledges such an amendment may be helpful to clarify its claims, a motion to amend must be made in a separate document. *See* D.C.COLO.LCivR 7.1(III)(d).

conceivable to plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).[2] Based on this determination, the Court also rejects the recommendation that Plaintiff's spoliation claim should be dismissed as moot.

Defendants, in their response to Plaintiff's objection, ask this Court to revisit Judge Boland's determination that Plaintiff has standing to assert its claims.  Under Colorado law, "an alter ego action to pierce the corporate veil belongs to the creditors of the corporation, not the corporation itself."  (Doc. # 46, at 4) (citing *In re M & L Bus. Mach. Co., Inc.,* 136 B.R. 271, 278 (Bankr. D. Colo. 1992) *aff'd*, 160 B.R. 850 (D. Colo. 1993)).  However, Defendants argue that Judge Boland should have also "address[ed] the standing issue with respect to Plaintiff's conversion and civil theft claims."  (Doc. # 48, at 2.)  The Court has already acknowledged that a claim based on the alter ego theory is not in itself a claim for substantive relief, but is instead a theory of liability. *See* 1 Fletcher Cyc. Corp. § 41.10; see also *Swinerton Builders*, 272 P.3d at 1177.

---

[2]  Plaintiff also contends that Judge Boland's recommendation should be overruled because it recommended dismissal of its conversion and civil theft claims as dependent on its claim for declaratory judgment that ImaginIt's and SFW's corporate status should be disregarded because they are alter egos of Eiffert and ImaginIt, respectively.  The Court recognizes that although typically corporations insulate officers from personal liability, in Colorado, Plaintiff may plead claims separate and apart from the alter ego doctrine if it sufficiently pleads that a corporate officer committed a tortious act.  *See, e.g., Snowden v. Taggart*, 17 P.2d 305, 307 (Colo. 1932); *Tatten v. Bank of Am. Corp.,* 912 F. Supp. 2d 1032, 1039 (D. Colo. 2012).  However, it seems that this objection is moot based on the Court's determination that Plaintiff sufficiently pleaded its declaratory judgment claim based on the alter ego doctrine.  Moreover, "an action to pierce the corporate veil is not a separate and independent cause of action, but rather is merely a procedure to enforce an underlying judgment."  *Swinerton Builders v. Nassi*, 272 P.3d 1174, 1177 (Colo. App. 2012) (citations omitted).  Accordingly, if Plaintiff intended to assert its claims for conversion and civil theft independent of the alter ego doctrine, it seems that the declaratory claim is superfluous.

3

Accordingly, because Plaintiff seeks to pursue its claims based on alter ego theory, it has standing.  See *In re M & L Bus. Mach. Co., Inc.,* 136 B.R. at 278.

As required by 28 U.S.C. § 636(b), the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Report and Recommendation, and Plaintiff's Objection to the Report and Recommendation. Based on this *de novo* review, it is ORDERED that the January 29, 2014 Amended Recommendation of United States Magistrate Judge Boyd N. Boland (Doc. # 46) is ADOPTED AND AFFIRMED in part as to the standing issue and REJECTED in part as to the failure to state a claim.  It is

FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's Verified Complaint or, in the Alternative, Motion for a More Definite Statement (Doc. # 8) is DENIED.

DATED:  March   19  , 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge