IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-01139-CMA-NYW

ADEMA TECHNOLOGIES, INC.,
d/b/a GLORIA SOLAR (USA),

    Plaintiff,

v.

PATRINA EIFFERT, and
IMAGINIT, INC.,

    Defendants.

---

ORDER *SUA SPONTE* VACATING FINAL TRIAL
PREPARATION CONFERENCE AND TRIAL

---

This matter is before the Court *sua sponte*. In preparation for the upcoming Final Trial Preparation Conference and trial, which is set to begin May 26, 2015, the Court has reviewed all of the filings and submissions of the parties and notes that the parties appear to be proceeding upon the assumption that the Court has found that SolarFrameWorks ("SFW") is an alter ego of ImaginIt, Inc. ("ImaginIt") and that ImaginIt is an alter ego of Ms. Eiffert. This is incorrect. In the Court's Order Adopting in Part and Rejecting in Part January 24, 2014 Amended Recommendation of United States Magistrate Judge, the Court held, "Plaintiff's allegations [relating to piercing the corporate veil] are sufficient to nudge its claim just across the line from conceivable to plausible." (Doc. # 52 at 2–3.) That ruling was based upon the fact that the

proceedings were at a preliminary stage and no discovery had been completed. All of Plaintiff's claims against Defendants are dependent on a ruling by this Court that the corporate veil should be pierced and that SFW is an alter ego of ImaginIt and that ImaginIt is an alter ego of Ms. Eiffert.

In general, a corporation is treated as a legal entity separate from its shareholders, officers, and directors. This permits shareholders to invest with the assurance that they will not be held personally liable for the corporation's debts. *In re Phillips*, 139 P.3d 639, 643–44 (Colo. 2006). To determine whether it is appropriate to pierce the corporate veil, a court must make a three-part inquiry:

1. The court must determine whether the corporate entity is the "alter ego" of the person or entity in issue;

2. The court must determine whether justice requires recognizing the substance of the relationship between the person or entity sought to be held liable and the corporation over the form because the corporate fiction was "used to perpetrate a fraud or defeat a rightful claim"; and

3. The court must consider whether an equitable result will be achieved by disregarding the corporate form and holding a shareholder or other insider personally liable for the acts of the business entity.

*Id*. at 644. All three prongs of the analysis must be satisfied. A determination as to whether to pierce the corporate veil is a mixed question of law and fact, with the first two prongs being decided as a matter of law by the Court and the third prong as a matter of fact by the Jury. *McCallum Family L.L.C. v. Winger*, 221 P.3d 69, 73 (Colo. App. 2009).

Thus, at this stage in the proceedings, in order to proceed to a jury trial, Plaintiff is required to persuade the Court by a preponderance of the evidence that Plaintiff should prevail, as a matter of law, on the first two prongs of this test. Unfortunately,

neither party has submitted this issue to the Court via summary judgment motion;[1] therefore, this Court acts *sua sponte*. It is

ORDERED that by no later than June 6, 2015, the parties are to file simultaneous briefing addressing the three prongs set forth above with evidentiary and legal support for the argument as to whether or not it is appropriate for this Court to pierce the corporate veil, i.e., whether SFW is an alter ego of ImaginIt and whether Imaginit is an alter ego of Ms. Eiffert. It is

FURTHER ORDERED that the Final Trial Preparation Conference set for May 11, 2015 at 1:00 PM, and the Trial beginning on May 26, 2015, are VACATED. Parties are DIRECTED to email Chambers (arguello_chambers@cod.uscourts.gov) on or before June 8, 2015, to reset trial dates.

DATED: May __7__, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] Defendants did not move for summary judgment, however, in their response to Plaintiff's motion for summary judgment, they argue that, "Plaintiff has apparently abandoned its claims against Defendant ImaginIt and judgment should enter in favor of ImaginIt." (Doc. # 101 at 16.) To the extent Defendants sought this relief, it was obliged to file an independent motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). "Arguments asserted in response to a motion are generally not considered requests for an order." *Grosvenor v. Qwest Corp.*, 733 F.3d 990, 997 (10th Cir. 2013).