**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-01139-CMA-NYW

ADEMA TECHNOLOGIES, INC.,
d/b/a GLORIA SOLAR (USA),

      Plaintiff,

v.

PATRINA EIFFERT,

      Defendant.

---

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

---

The matter before the Court is a Motion for Summary Judgment filed by

Defendant Patrina Eiffert against Plaintiff Adema Technologies Inc. d/b/a Gloria Solar.

(Doc. # 120.)  Because the economic loss rule bars Plaintiff's conversion and civil theft

claims, Defendant's Motion is granted and this case is dismissed with prejudice.

## I.  BACKGROUND

The facts and background of this case are set forth in detail in A*dema*

*Technologies, Inc. v. Eiffert*, No. 13-CV-01139-CMA-NYW, 2015 WL 4624711, at *1 (D.

Colo. Aug. 4, 2015).[1]  On August 4, 2015, the Court denied the Motion for Summary

---

[1] The Court makes a note that one cannot make up facts better than what arises in real cases; and this case is certainly no exception.  Plaintiff is suing Defendant to recover a deposit it paid, which was not the full deposit amount that was required under the contract.  After Plaintiff cancelled the contract months later, it nonetheless wanted its partially-paid deposit returned, despite the contract specifying that the deposit is "non-refundable."  When the deposit was not returned to Plaintiff, Plaintiff sued both SFW and Defendant Eiffert—the CEO of SFW at the

Judgment filed by Plaintiff and dismissed with prejudice Plaintiff's claims based on alter

ego against both ImaginIt and Dr. Eiffert. (Doc. # 117.) As a result of the Court's ruling,

the only counts that remained for trial by a jury were Plaintiff's claims of conversion and

civil theft as against Defendant Patrina Eiffert. (*Id.*) On August 14, 2015, Defendant

filed a Motion for Leave to File a Summary Judgment Motion (Doc. # 119), which the

Court granted on August 17, 2015 (Doc. # 121). On the same date, Defendant filed a

Motion for Summary Judgment. (Doc. # 120.) Plaintiff responded on September 1,

2015 (Doc. # 125), and Defendant replied on September 8, 2015 (Doc. # 127).

## II. <u>STANDARD OF REVIEW</u>

Summary judgment is warranted when "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper

disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*,

259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such

that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v.

Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing motions for

summary judgment, a court must view the evidence in the light most favorable to the

non-moving party. *Id.* However, conclusory statements based merely on conjecture,

---

time—in two separate federal courts alleging different claims, but specifically requesting relief based on the deposit that was not returned to it. While the action against SFW was eventually settled, Plaintiff relentlessly continued its quest to seek return of the amount of its deposit from SFW's CEO—Dr. Eiffert. As the case proceeded, Plaintiff filed a motion for summary judgment based on its claims while Defendant did not. Both parties failed to address the alter-ego issue in any motion and, thus, the parties were ordered to submit simultaneous briefing on the issue. Defendant finally submitted a Motion for Summary Judgment on the eve of trial based on the economic loss rule, which is the subject of the current order.

speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.*  In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.*  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671.  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

## III.  **DISCUSSION**

Defendant contends that Plaintiff's two remaining claims should be dismissed because (1) the non-refundable deposit bars Plaintiff's tort claims; (2) Colorado's economic loss rule bars Plaintiff's claims; and (3) because Defendant did not have a duty to segregate the deposit, an action for conversion of Plaintiff's funds cannot be

maintained as a matter of law.  Plaintiff argues it did not concede that the deposit it paid

to Defendant was "non-refundable" and that the economic loss rule does not apply

because (1) Defendant waived its defense; and (2) Defendant's duty under tort law to

avoid taking Plaintiff's deposit was separate from any contractual duty SFW had to

return Plaintiff's deposit.  The Court finds that the economic loss rule applies and that it

bars Plaintiff's conversion and civil theft claims.

## A.    WAIVER OF ECONOMIC LOSS RULE

Plaintiff asserts that Defendant waived the affirmative defense of the economic

loss rule because it was not raised in her answer.

Under Federal Rule of Civil Procedure 8(c), a party responding to a pleading

"must affirmatively state any avoidance or affirmative defense."  A failure to raise an

affirmative defense under Rule 8(c) generally results in a waiver of that defense.  *See*

*Bentley v. Cleveland County Bd. of County Comm'rs*, 41 F.3d 600, 604 (10th Cir. 1994).

However, "strict adherence to the pleading requirement is inappropriate when the

purpose of the requirement has been otherwise fulfilled."  *Ahmad v. Furlong*, 435 F.3d

1196, 1201 (10th Cir. 2006) (collecting cases finding no waiver if there is adequate

notice and no prejudice to the opposing party caused by the delay in raising the

affirmative defense); *see also Stoebner v. Parry, Murray, Ward & Moxley*, 91 F.3d 1091,

1093–94 (8th Cir. 1996) (rejecting waiver argument because there was no showing of a

lack of notice of the affirmative defense or any prejudice in ability to respond).

In the instant case, Defendant did not raise the economic loss rule as an

affirmative defense.  However, Defendant raised the defense in her briefing on piercing

the corporate veil, which she filed on June 5, 2015.  (Doc. # 110.)  Plaintiff has had

notice of Defendant's defense since that date.  Additionally, Plaintiff had more than

twenty-one days to respond to the Motion for Summary Judgment filed by Defendant

because the Court granted Plaintiff an extension of time to file its response to the

Motion.  (Doc. # 123.)  Accordingly, Plaintiff has received adequate notice that

Defendant was raising the economic loss rule as a defense, pursuant to Rule 8.

Further, Plaintiff failed to identify any prejudice that it has suffered from Defendant's

failure to raise the economic loss rule in her answer.  Plaintiff cites one case in support

of its argument—*Carder, Inc. v. Cash*, 97 P.3d 174, 184 (Colo. App. 2003) ("The court

must determine, at the outset of the lawsuit, the type of duty that has allegedly been

breached.").  This case does not discuss whether the economic loss rule is waived if it is

not raised in the answer and, thus, it is not relevant.  The Court finds that Defendant did

not waive the defense.

**B.      APPLICATION OF ECONOMIC LOSS RULE**

Plaintiff argues that the economic loss rule is inapplicable because the contracts

at issue—the Price Quotations—were not between the parties in the instant case.

Additionally, Plaintiff contends that the duties breached by Defendant were independent

of any contract.  It asserts Defendant's duties arise from "long-recognized duties to

avoid conversion, and a legislatively-enacted duty making civil theft actionable in its own

right."

Colorado's economic loss rule provides that "a party suffering only economic loss

from the breach of an express or implied contractual duty may not assert a tort claim for

such a breach absent an independent duty of care under tort law." *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 72 (Colo. 2004).  The rule attempts to maintain a boundary between contract and tort law.  As the Colorado Supreme Court has explained, "[t[he essential difference between a tort obligation and a contract obligation is the source of the parties' duties.  Contract obligations arise from promises the parties have made to each other, while tort obligations generally arise from duties imposed by law to protect citizens from risk of physical harm or damage to their personal property." *BRW, Inc.*, 99 P.3d at 72 (internal citation omitted); *see also Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1262 (Colo. 2000) ("A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie.  A breach of a duty *arising independently* of any contract duties between the parties, however, may support a tort action.") (emphasis in original).

The main policy reasons behind the economic loss rule, none of which depend upon or are limited to the existence of a two-party contract, are: (1) to maintain a distinction between contract and tort law; (2) to enforce expectancy interests of the parties so that they can reliably allocate risks and costs during their bargaining; and (3) to encourage the parties to build the cost considerations into the contract because they will not be able to recover economic damages in tort.  *BRW, Inc*, 99 P.3d at 72.

In determining whether the economic loss rule applies, a court is to examine: (1) whether the relief sought in tort is the same as the contractual relief; (2) whether there is a recognized common law duty of care; and (3) whether the tort duty differs in any way from the contractual duty.  *See BRW, Inc.*, 99 P.3d at 74.  In regards to the

duty of care, if the source of an alleged duty is found only in the underlying contract, any breach of that duty can give rise to only a breach of contract claim.  N. Reid Neureiter, Rebecca Graves Payne, Colorado's Current Formulation of the Economic Loss Rule Bars Claims for Post-Contractual Fraud, Colo. Law., December 2012, at 34.  "If, on the other hand, a party breaches a duty that is independent of the underlying contract—that is, one imposed or created by law or via court decisions or the legislature—and that the parties did not address in their contract, tort remedies also may apply." *Id.*

In the instant case, the Court finds that all three prongs are satisfied.  First, the relief sought from the instant tort case is identical to and grounded in the basis of Plaintiff's breach of contact claim against SFW.  Plaintiff argues that Defendant is liable for conversion because Plaintiff is entitled to the return of its deposit and, without Plaintiff's authorization, Defendant took the deposit for SFW's benefit.  Similarly, Plaintiff contends Defendant is liable for civil theft because Defendant knowingly obtained and retained control over Plaintiff's deposit without Plaintiff's authorization.  In the action against SFW, Plaintiff claimed that SFW breached the contract because it retained the deposit.  Accordingly, the relief sought in Plaintiff's tort claims (money damages related to the retention of the deposit) is identical to the relief sought in Plaintiff's breach of contract claim against SFW (the amount of the deposit).

Next, in determining whether Defendant's duty is independent of the contract at issue, the Court turns to the terms of the Price Quotations.  The duties of the parties imposed in the Price Quotations were that Plaintiff pay SFW a monetary amount and in exchange SFW would provide Plaintiff with the goods requested.  Plaintiff was required

to pay a deposit, which the contract specified "is non-refundable."  Although Plaintiff

disputes the legal effect of the term "non-refundable," Plaintiff did pay a portion of the

deposit.  Plaintiff later cancelled the purchase order and is now asserting that Defendant

should not have kept the deposit "for SFW's benefit."  Because paying a deposit was

required under the Price Quotations, any duty regarding returning the deposit is a

predictable and anticipated contract remedy.  *Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267,

1270 (Colo. 2000) (holding that the economic loss rule applied in part because the duty

of care was created by, and completely contained in, the contractual provisions).  In

fact, Plaintiff sued SFW precisely because it alleged SFW was required under the

contract to return the deposit and by retaining the deposit, it breached the contract.

Thus, the Court finds that the source of Defendant's duty to return the deposit is found

only in the underlying contract.  The case Plaintiff relies upon to argue the economic

loss rule is not available to Defendant, *Rhino Fund, LLLP v. Hutchins*, 215 P.3d 1186

(Colo. App. 2008), is clearly distinguishable.  In *Rhino Fund*, the owner of an investment

fund diverted money from the fund for his personal benefit and the investor had an

independent duty not to convert the money in the fund.  *Id.* at 1195.  In the instant case,

Defendant retained the deposit on behalf of SFW because the Price Quotations

specified that the deposit was non-refundable.  As such, any duty Defendant owed to

Plaintiff regarding the deposit arose from the contract between Plaintiff and SFW.

Further, Defendant's alleged duty to return the deposit to Plaintiff is identical to SFW's

alleged contractual duty to return the deposit to Plaintiff.  Thus, the third *BRW* prong is

also satisfied.

Additionally, although Plaintiff argues that the economic loss rule is inapplicable because Defendant is not a named party in the Price Quotations, the Court disagrees. Claims against a corporate officer who is not party to a contract can still be barred by the economic loss rule.  Under Colorado law:

> When the economic loss rule bars a claim against a corporate entity, it may also bar claims against that entity's officers and directors, even if the officers and directors were not parties to the contract at issue.  For example, such claims may be precluded when the officers' and directors' duties, rights, obligations, or liabilities arise from the contract between the corporate entity and another.

*Former TCHR, LLC v. First Hand Mgmt. LLC*, 317 P.3d 1226, 1232 (Colo. App. 2012). In the instant case, Defendant was the Chief Executive Officer of SFW at the time Plaintiff paid the deposit.  Plaintiff specifically asserts that Defendant converted or stole the deposit for SFW's benefit, thus, it is essentially stating that Defendant retained the deposit on behalf of SFW.  All the interactions Plaintiff had with Defendant are through Defendant working as CEO of SFW.  Indeed, the Court has already determined that SFW was not the alter ego of Defendant.  Because Defendant retained the deposit on behalf of SFW in accordance with the Price Quotations, the economic loss rule bars Plaintiff's claims against Defendant.

Accordingly, the Court finds, as a matter of law, that the economic loss rule applies and bars Plaintiff's claims.[2]  Because the Court has determined that the

---

[2] Although the Court found that Dr. Eiffert, as Chief Executive Officer of SFW, could be held individually liable for Plaintiff's claims of conversion and civil theft, if Plaintiff proved that that she participated in, approved of, sanctioned, or directed the theft or conversion, it made this determination based on the arguments set forth by the parties in the briefing for the summary judgment motion filed by Plaintiff.  *See Adema Tech., Inc. v. Eiffert*, No. 13-CV-01139-CMA-NYW, 2015 WL 4624711, at *4–5 (D. Colo. Aug. 4, 2015).  Defendant did not argue that the

economic loss rule bars Plaintiff's claims, the Court need not address Defendant's additional arguments as to why Plaintiff's claims should be dismissed.

## IV.   **CONCLUSION**

For the reasons provided above, the Court ORDERS that the Motion for Summary Judgment filed by Defendant (Doc. # 120) is GRANTED.  Pursuant to Fed. R. Civ. P. 54(d)(1), the Court awards costs to Defendant.  This case is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that that the Final Trial Preparation Conference set for September 21, 2015, at 1:00 PM, and the four-day trial set to begin September 28, 2015, are also VACATED.  It is

FURTHER ORDERED that the Motion in Limine filed by Defendant (Doc. # 93), the Motion in Limine filed by Plaintiff (Doc. # 94), and the Motion for Reconsideration filed by Defendant (Doc. # 118) are DENIED.

DATED: September 9, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

economic loss rule barred Plaintiff's claims in the summary judgment briefing and, thus, the Court did not consider it in ruling on Plaintiff's Motion.